SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Charles Fordjour,**<br>Petitioner<br>-vs-<br>**Dora B. Schriro, et al.,**<br>Respondent(s) | CV-05-1066-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Petition for Writ of Habeas Corpus**<br>**Pursuant to 28 U.S.C. § 2241** |

## I. MATTER UNDER CONSIDERATION

Petitioner, confined at the time in the Kern County Jail, in Bakersfield, California, filed a Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2241 on April 7, 2005. On July 12, 2005, Respondents filed their Response (#17).   Petitioner filed a Reply on September 30, 2005 (#25).

The Petitioner's Petition is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 8(b), Rules Governing Section 2254 Cases, Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Rule 72.2(a)(2), Local Rules of Civil Procedure.

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
### A. FACTUAL BACKGROUND

On February 9, 1998, Petitioner was convicted on charges of fraudulent schemes in the Maricopa County Superior Court. (Petition, #1 at 3.)  Petitioner was sentenced to a seven year term of imprisonment with the Arizona Department of Corrections, which he served until October 17, 2003, when Petitioner was released on his "Earned Release Credit Date." (Petition, #1 at 5; Answer, # 17, Kaye Affidavit at ¶ 3.)

However, Petitioner was subject to a "detainer" by the Santa Clara County, California authorities, as well as a "detainer" by immigration officials. (Kaye Affid. at ¶ 3, 4.) Consequently, Petitioner was released into the custody of Santa Clara County authorities. (*Id.*) In addition, Petitioner was subject to a sentence of one year of community supervision by the Arizona authorities, which one year terminated October 16, 2004. (*Id.* at ¶ 3.) As of that date, Petitioner had completed all of his sentence by the Maricopa County Superior Court, and his Arizona records have been updated accordingly. (*Id.* at ¶ 5.)

**B.  PRIOR FEDERAL HABEAS PROCEEDINGS**

In United States District Court, District of Arizona, Case number CV-00-1490-PHX-ROS-JRI, Petitioner filed a federal Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254, challenging his conviction in Maricopa County Superior Court. On March 11, 2003, that petition was denied. (CV-00-1490, Docket 53, 54.)  Petitioner subsequently appealed, which appeal was denied. The Mandate on that appeal was filed March 1, 2006 (*Id.* at Docket 75.)

**C.  PRESENT FEDERAL HABEAS PROCEEDINGS**

On April 7, 2005, Petitioner filed the instant Petition for Writ of Habeas Corpus by a Person in Federal Custody (#1), pursuant to 28 U.S.C. § 2241.  Petitioner's Petition alleges that Respondents have improperly refused to terminate his parole under the Maricopa County conviction, in violation of a variety of laws and constitutional protections.

On June 28, 2005, Respondents filed a Motion to Dismiss this action as moot. That motion was stricken as being in violation of the Court's service Order directing that Respondents should "not file a dispositive motion in place of an answer without first showing cause as to why an answer is inadequate." (Order 7/5/5, #14.)

On July 12, 2005, Respondents filed their Answer (#17), arguing that the Petition is moot because Petitioner was never on parole, and has been fully discharged from his Maricopa County sentence, including his term of community supervision.

On September 30, 2005, Petitioner filed his Reply (#25), arguing that his continued detention by California and federal authorities all stems from his illegal Maricopa County conviction. Petitioner notes that he has been attempting to set aside that conviction in United States District Court, District of Arizona, Case number CV-00-1490-PHX-ROS-JRI.

### III. APPLICATION OF LAW TO FACTS

**<u>Nature of the Petition</u>** - Petitioner has chosen to denominate his petition as a challenge under 28 U.S.C. § 2241 to custody by federal authorities. However, Petitioner does not name any federal authorities as respondents, and the only connection with any federal authorities is an immigration detainer. Petitioner plainly asserts that his custody stems from his Maricopa County conviction. Thus, his petition can only be brought pursuant to 28 U.S.C. § 2254.

"Section 2254 [28 U.S.C. § 2254] is properly understood as 'in effect implement[ing] the general grant of habeas corpus authority found in § 2241, as long as the person is in custody pursuant to the judgment of a state court, and not in state custody for some other reason, such as pre-conviction custody, custody awaiting extradition, or other forms of custody that are possible without a conviction.'" *White v. Lambert,* 370 F.3d 1002, 1006 (9th Cir. 2004) (citations omitted). Here, the only basis that Petitioner alleges for his custody by Arizona authorities is his Maricopa County criminal conviction. It appears that Petitioner may be in custody on a California prosecution, in which case a petition under 28 U.S.C. § 2241 would be appropriate. However, Petitioner does not attack the California prosecution as improper, just the Maricopa County, Arizona conviction.[1]

Accordingly, the undersigned construes this Petition to be brought pursuant to 28 U.S.C. § 2254.

---

[1] If brought as an attack on the California prosecution pursuant to 28 U.S.C. § 2241, then this action could only properly be brought in the appropriate district in California where Petitioner is incarcerated, and this Court would lack jurisdiction over the case. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (in § 2241 case " jurisdiction lies in only one district: the district of confinement"). *But see id.* at 451 (Kennedy, J. dissenting)(asserting habeas forum is properly a question of venue, not jursidiction).

**Mootness** - Respondents argue that the Petition is moot. Ordinarily, a habeas petition is rendered moot when the prisoner is no longer in the custody of the respondents. However, a mootness question only arises once it is determined that the Court once had jurisdiction over a petition. *See e.g. Henry v. Lungen,* 164 F.3d 1240, 1241 (9th Cir. 1999) (distinguishing between mootness resulting from release from custody *pendente lite*, and lack of jurisdiction when release occurred prior to filing). Here, jurisdiction never attached.

**"In Custody" Requirement** - Pursuant to 28 U.S.C. § 2254(a), federal courts may "entertain an application for a writ of habeas corpus" only in behalf of a person who is "in custody pursuant to the judgment of a State court." This "in custody" requirement has been interpreted to mean that federal courts lack jurisdiction over habeas corpus petitions unless the petitioner is "under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (per curiam). This "in custody" requirement has been given wide reading, to include subjection to parole under an unexpired sentence, *id.* at 491, and an unexpired sentence that the petitioner has not yet begun to serve, *id.* at 493, etc.. However, mere collateral consequences of a conviction are not sufficient to create jurisdiction. "We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed." *Id.* at 491.

Here, the undisputed facts show that at the time he filed the instant petition, Petitioner's sentence had fully expired, and he was no longer "in custody" of the Arizona authorities. His sentence expired October 16, 2004, on the expiration of his term of community supervision, and the instant petition was not filed until almost six months later, on April 7, 2005.

Petitioner argues that he should nonetheless be deemed to be "in custody" because his current California imprisonment and his federal immigration detainer all flow from his state conviction. (Reply, #25 at 2.) However, Petitioner offers nothing to connect his California incarceration with his Arizona conviction. Even if Petitioner's California troubles may be exacerbated by his Arizona conviction, that would not supply the necessary "in custody" status. In *Maleng*, the Court rejected the claim that the potential for later enhancement of sentences

for other crimes qualified to leave a defendant "in custody." 490 U.S. at 492. "When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore 'in custody.'" *Id.* at 492-493.

Presumably, Petitioner's immigration hold could have resulted from him becoming deportable as a result of his Arizona conviction. However, that would not grant this Court jurisdiction. "Immigration consequences, such as deportation, have long been viewed as 'collateral,' and thus are not themselves sufficient to render an individual 'in custody.'" *Resendiz v. Kovensky,* 416 F.3d 952, 956 (9th Cir. 2005).

Because Petitioner attacks his Maricopa County Superior Court conviction, and because he was at the time of filing his Petition no longer "in custody" pursuant to that conviction, this Court is without jurisdiction to hear the petition.[2]

## IV. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that the Petitioner's Petition for Writ of Habeas Corpus, filed April 7, 2005 (#1) be **DISMISSED WITH PREJUDICE**.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See also* Rule 8(b), Rules Governing Section 2254 proceedings. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of

---

[2] Even if Petitioner could establish that he remained "in custody" under the Maricopa County conviction, his Petition would still be subject to dismissal as a "second or successive" petition because Petitioner attacked that judgment in his prior federal habeas, and has not obtained authorization from the Ninth Circuit to file a second or successive petition. *See* 28 U.S.C. § 2244(b)(3)(A).

1 | the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of
2 | the issues.  *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: April 19, 2006

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\05-1066-1r RR 06 04 17 re HC.wpd